**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS MAY, | Civil Action No.: 2:15-cv-764 (CCC) |
| Plaintiff, | |
| v. | |
| IRVINGTON POLICE DEPARTMENT, ESSEX COUNTY DEPARTMENT OF CORRECTIONS, ESSEX COUNTY PROSECUTOR'S OFFICE, OFFICE OF THE PUBLIC DEFENDER, DEIDRE MCMAHON, NEW JERSEY ATTORNEY GENERAL, STATE OF NEW JERSEY DEPARTMENT OF TREASURY JOHN DOES (1-10), and ABC PUBLIC ENTITIES (1-10), | OPINION |
| Defendants. | |

**CECCHI, District Judge.**

### I. INTRODUCTION

This matter comes before the Court upon the motion (ECF No. 13) of Defendants Essex County Prosecutor's Office, Office of the Public Defender, Deirdre McMahon,[1] New Jersey Attorney General, and State of New Jersey Department of Treasury (collectively, the "State Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Complaint of Plaintiff Louis May. The Court decides this motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, the State Defendants'

---

[1] Incorrectly sued here as "Deidre McMahon."
[2] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

motion is granted in part and denied in part.

## II.     BACKGROUND[3]

This action arises out of Plaintiff's arrest in June 2013 and subsequent detention in Essex County Jail until late January 2014. See Compl., ECF No. 1-1, at ¶¶ 13, 24.

On June 11, 2013, a criminal complaint was filed against Plaintiff. Id. at ¶ 11. Later that week, Defendant Irvington Police Department arrested Plaintiff, and Plaintiff was soon transferred to the Essex County Jail. Id. at ¶ 12-14. Defendant Deirdre McMahon from the Office of the Public Defender was appointed as counsel for Plaintiff. Id. at ¶ 14. During the course of Plaintiff's detention, Plaintiff sent McMahon three letters requesting to see her. Id. at ¶ 15. McMahon never met with Plaintiff. Id. McMahon also did not request a probable cause hearing on behalf of her client. Id. at ¶ 16. On January 21, 2014, an Essex County grand jury no billed the criminal complaint against Plaintiff. Id. at ¶ 20. Plaintiff was released ten days later. Id. at ¶ 21.

In January 2015, Plaintiff filed suit in the Superior Court of New Jersey, Essex County. See Compl. The State Defendants removed this action to federal court in February 2015. See Notice of Removal, ECF No. 1. The State Defendants now seek dismissal of Plaintiff's Complaint as against them. See Motion to Dismiss, ECF No. 13.

## III.    LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all

---

[3]     The Court must assume as true all factual allegations of the complaint when considering a motion to dismiss. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

2

well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" See Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

## IV.   DISCUSSION

For the reasons below, the State Defendants' motion will be granted in part and denied in part.

### A. Plaintiff's Complaint Against The Attorney General's Office And The State Treasury Is Dismissed On The Basis Of Eleventh Amendment Immunity For Departments Of The State

The State Defendants seek to dismiss Plaintiff's §§ 1983 and 1985 claims on the basis of Eleventh Amendment Immunity. The Eleventh Amendment protects states, state agencies, and state departments from suit in federal court. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); see also Malcomb v. Beaver Cnty. Penn. (Prothonotary), 616 Fed. App'x 44,

45 (3d Cir. 2015) (finding the Attorney General's Office immune from § 1983 claims under the Eleventh Amendment). Absent a waiver of immunity by the state, the Eleventh Amendment precludes federal suits for money damages against states and state officers sued in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). New Jersey has not expressly waived its immunity, and nothing in §§ 1983 and 1985 abrogates New Jersey's Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332 (1979); Garcia v. Richard Stockton Coll. of New Jersey, 210 F. Supp. 2d 545, 550 (D.N.J. 2002). Because the Attorney General's Office and New Jersey State Treasury are state departments, entitled to Eleventh Amendment Immunity, Plaintiff's Complaint against them will be dismissed.

### B. Plaintiff's Complaint Against The Essex County Prosecutor's Office And Office Of The Public Defender Is Dismissed On The Basis Of Eleventh Amendment Immunity For Entities That Are Arms Of The State

In his opposition papers, Plaintiff does not argue that the State Defendants do not have sovereign immunity pursuant to the Eleventh Amendment. Rather, Plaintiff appears to argue that the State Defendants may be liable if they had an official policy or custom that led to the violation of Plaintiff's constitutional rights. Plaintiff's Br. at 8-9. The seminal case on this question is Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978). There, the Supreme Court concluded that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. Unlike municipalities, states are protected by the Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) (holding that Monell is not applicable to "States or governmental entities that are considered 'arms

of the state' for Eleventh Amendment purposes."). Thus, the Monell Doctrine does not apply to states or entities that are "arms of the state." See id.

In determining whether an entity is an arm of the state, the Third Circuit looks at three factors: 1) Whether the money that would pay the judgment would come from the state; 2) The status of the agency under state law; and 3) What degree of autonomy the agency has. Fitchik v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989) (condensing nine factors from Urbano v. Bd. of Managers of New Jersey State Prison, 415 F.2d 247 (3d Cir. 1969) into three factors). There is no real dispute that the New Jersey Attorney General and New Jersey Department of Treasury are entitled to immunity due to their status as state departments, as discussed above. As to Defendants Essex County Prosecutor's Office and the Office of the Public Defender, the three inquiries from Fitchik weigh in favor of finding that these entities are arms of the State of New Jersey.

First, if there were a judgment against the Essex County Prosecutor's Office and the Office of the Public Defender, the New Jersey State Treasury would be the source of funds for payment of that judgment. See State Defendants' Br. at 8; see, e.g., Kandil v. Yurkovic, No. CIV. A. 06-4701 JAG, 2007 WL 4547365, at *3 (D.N.J. Dec. 18, 2007). Second, both offices were created by the State of New Jersey. The Essex County Prosecutor's Office is created by the New Jersey Constitution, and the Office of the Public Defender is established by the Executive Branch of the State of New Jersey, with the Governor appointing the Public Defender with the Senate's advice and consent. See State Defendants' Br. at 8, 10. Last, the New Jersey Attorney General supervises and supersedes the Essex County Prosecutor's Office, while the Public Defender's Office must report annually to the New Jersey State Legislature on its operations. See State Defendants' Br. at 9-10. Accordingly, the Essex County Prosecutor's Office and the Office of the Public Defender

are arms of the state for Eleventh Amendment purposes. See Beightler v. Office of Essex Cnty. Prosecutor, 342 Fed. App'x 829, 832 (3d Cir. 2009) (finding Eleventh Amendment immunity applies to county prosecutor's office and noting that when New Jersey county prosecutors engage in classic law enforcement and investigative functions, they also act as officers of the state); Harrison v. Atl. (Region) Office of the Pub. Defender, No. CIV.A. 10-2294 RBK, 2010 WL 3946716, at *3 (D.N.J. Oct. 4, 2010) (finding the Office of the Public Defender is an arm of the state entitled to Eleventh Amendment immunity). Because these offices are arms of the state, they may not be sued under a Monell theory of liability in federal court. Accordingly, Plaintiff's Complaint against the Essex County Prosecutor's Office and the Office of the Public Defender will be dismissed.

### C. Plaintiff's §§ 1983 And 1985 Claims Against The Individual Public Defender Are Dismissed As McMahon Was Not A State Actor

The State Defendants also move for dismissal of the §§ 1983 and 1985 claims against the individual public defender, Deirdre McMahon. Plaintiff argues that these claims should not be dismissed because "[a] public defender does not have absolute immunity for conspiracy, intentional misconduct or a claim of legal [m]alpractice." See Plaintiff's Br. at 3.

To survive dismissal of a § 1983 claim, a plaintiff must allege "two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011). Public defenders "do not act 'under color of state law' and are not liable under section 1983 when performing traditional functions as defense counsel." Nelson v. Dauphin Cnty. Pub. Defender, 381 Fed. App'x 127, 128 (3d Cir. 2010). See also Polk Cnty. v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (finding that a public defender "does not act under color

6

of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); Beaver v. Union Cnty. Pa., No. 14-4749, 2015 WL 4530428, at *2 (3d Cir. July 28, 2015) (finding plaintiff did not state a claim against two public defenders because they were not acting under color of state law); Repoli v. Cuoco, 316 Fed. App'x 188, 190 (3d Cir. 2009) (explaining that to satisfy "color of law" element, plaintiff must allege that public defender was "attempting to exercise some sort of official authority over him" and "not merely performing lawyers' traditional functions[.]"). Plaintiff's Complaint does not allege that McMahon was attempting to exercise any official authority over him. Rather, Plaintiff alleges that McMahon failed to meet with him or conduct a probable cause hearing. Because McMahon was not acting under color of state law while representing Plaintiff as counsel to an indigent criminal defendant, Plaintiff's § 1983 claim against McMahon will be dismissed for failure to state a claim.

Plaintiff also alleges that McMahon conspired against him, resulting in the deprivation of his liberty. To survive dismissal of a § 1985 claim, a plaintiff must allege: (1) a conspiracy; (2) motivated by racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws, (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 2011) (citing United Bhd. of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828–29 (1983)). Plaintiff's Complaint does not plead the first three elements of a § 1985 claim. First, apart from perfunctorily alleging that "Plaintiff was subject to a conspiracy" (Compl. at 4), Plaintiff does not describe the nature of the conspiracy or with whom McMahon conspired. Second, Plaintiff does not allege that the conspiracy was motivated by racial or class based discrimination. Third, Plaintiff does not allege what acts McMahon took in furtherance of the conspiracy. In Plaintiff's

brief in opposition to the State Defendants' motion to dismiss, he concedes that "[i]t is also unknown if the Public Defend[er] participated in the conspiracy to deny Plaintiff his civil rights." See Plaintiff's Br. at 2. Accordingly, Plaintiff's § 1985 claim against Deirdre McMahon will be dismissed for failure to state a claim.

### D. Plaintiff's Legal Malpractice Claim Against The Individual Public Defender Will Not Be Dismissed

Last, with regard to Plaintiff's claim against McMahon for legal malpractice, this Court finds that McMahon is not immune from a legal malpractice suit and Plaintiff has sufficiently pled—at this stage of the proceedings—the requisite elements of that claim.

First, contrary to the State Defendants' argument, McMahon is not entitled to immunity for Plaintiff's claim of legal malpractice. The State Defendants posit that McMahon is immune pursuant to the New Jersey Tort Claims Act Section 59:3-3, which states that "A public employee is not liable if [s]he acts in good faith in the execution or enforcement of any law. Nothing in this section exonerates a public employee from liability for false arrest or false imprisonment." N.J. Stat. Ann. 59:303; see Defendants' Br. at 31. It does not appear that this section applies to McMahon who, acting as counsel to Plaintiff, was not executing or enforcing any law. Rather, "[a] public defender is not immune from liability for professional malpractice . . . Once the appointment of a public defender in a given case is made, [her] public or state function ceases, and thereafter, [s]he functions purely as a private attorney concerned with servicing [her] client; thus, [s]he ought to be subject to liability for tortious conduct." Delbridge v. Office of Pub. Def., 238 N.J. Super. 288, 311-12, 569 A.2d 854, 865-66 (Ch. Div. 1989) aff'd sub nom. A.D. v. Franco, 297 N.J. Super. 1, 687 A.2d 748 (App. Div. 1993); see generally Ferri v. Ackerman, 444 U.S. 193 (1979) (holding that immunity doctrine inapplicable to court-appointed defense counsel in legal malpractice suit because "primary office performed by appointed counsel parallels the office of

privately retained counsel."). Accordingly, Plaintiff's legal malpractice claim against McMahon is not barred by the immunity doctrine.

Next, turning to whether Plaintiff has stated a claim of legal malpractice against McMahon, "[t]he necessary elements of a claim for legal malpractice are: (1) the existence of an attorney-client relationship creating a duty of care upon the attorney; (2) the breach of such duty; and (3) proximate causation. Albright v. Burns, 206 N.J.Super. 625, 632, 503 A.2d 386 (N.J.Super.App.Div.1986)." Jonas v. Gold, No. CIV.A. 13-2949, 2014 WL 4854484, at *9 (D.N.J. Sept. 30, 2014) aff'd, No. 14-4255, 2015 WL 5573963 (3d Cir. Sept. 23, 2015). The State Defendants argue that "Plaintiff fails to plead facts sufficient to show that Defendant ADPD McMahon breached her duty of care to him." See Defendants' Br. at 31. However, Plaintiff's Complaint alleges that "McMahon of the Office of the Public Defender was appointed as counsel for Plaintiff" (see Compl. ¶ 14) and that:

> 62. Defendants Public Defender and Deirdre McMahon breached their standard of care by failing to properly represent Plaintiff and allowing him to remain in prison without a probable cause hearing and without an opportunity to be released with or without bond.
> 63. Defendants Public Defender and Deirdre McMahon breached their standard of care by failing to communicate with the Plaintiff and failing to respond to the Plaintiff's letters.
> 64. Defendants Public Defender and Deirdre McMahon caused Plaintiff to suffer damages as a result of their breach of the standard of care.

These facts, if accepted as true, would state a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, the State Defendants' request to dismiss the legal malpractice claim against McMahon will be denied.

## V. **CONCLUSION**

For the foregoing reasons, the State Defendants' motion to dismiss Plaintiff's Complaint

is granted in part and denied in part. An appropriate order accompanies this Opinion.

Dated: January 19, 2016.

                                                          **CLAIRE C. CECCHI, U.S.D.J.**